[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR CONTEMPT (DOCKET ENTRY NO. 122)
This matter has been before the undersigned on three prior occasions. The first of these was on March 7, 1991 on plaintiff's motion for modification of the order of alimony. (Docket entry #119.51) and plaintiff's motion for restoration of her maiden name (docket entry #121) (See transcript of proceedings attached to defendant's brief in support of computation of support credit dated May 28, 1992 being the order of the court on March 7, 1991). The second of these was on defendant's motion for articulation dated June 5, 1992 (docket entry #130.00) decided by Memorandum of Decision dated August 6, 1992 (docket entry #131.00). In that Memorandum of Decision the court allowed each party ten days to submit a recomputation of arrearage which each of the parties submitted. The court thereafter filed its Supplemental Memorandum Re Arrearage dated October 8, 1992. The parties are now before the court on the plaintiff's motion for contempt dated November 21, 1992 wherein the plaintiff claims that the defendant has failed to comply with the orders of the court.
The parties agree that the arrearage as of December 10, 1992 is $19,185.00. The defendant took the stand and testified that he was self employed as a Computer Consultant and that his weekly net take home pay is $1,091.00. He filed a financial affidavit reflecting $26,000.00 in assets and $27,207.00 in liabilities. As evidenced by the Plaintiff's Computation of Arrearage dated December 10, 1992, there have been only three $300.00 payments since August 6, 1992 and those payments on October 13, 1992, November 3, 1992 and December 3, 1992.
The defendant has remarried and he has one child issue of his current marriage. He and the present Mrs. Tuozzoli rent from his wife's uncle. It is his claim that there is just not enough money to pay his bills and pay the alimony and support to his former wife. The court finds, however, that he has the ability to pay the current orders, that he had the ability to CT Page 11785 pay those orders on a weekly basis as he was paid and that he intentionally paid other bills instead of the alimony and support to his former wife. While he might have felt earlier that he was entitled to a credit, it was clear after the court's decision on August 6 that he was not entitled to a credit and that there was a considerable amount owed to his former wife.
In order to be found in civil contempt for failure to pay financial orders, several conditions must be met: the respondent must know what the orders are; he must be able to pay the orders or not have placed himself in the position where he cannot pay the order; and he must have wilfully disregarded and failed to comply with the rules of the court. Mays v. Mays,193 Conn. 261, 264 (1984); Tobey v. Tobey, 165 Conn. 742 (1974). In this case all of these conditions have been met.
The court finds the defendant in contempt. Incarceration, at least at this time, will not solve the financial problems in this case. The court orders, therefore, that the defendant may purge himself of the court's finding of contempt by paying the current order of $300.00 per week and $25.00 per week on the arrearage until the arrearage is fully paid. If the defendant should receive a federal income tax refund in excess of $250.00 in any year, such amount of refund in excess of $250.00 shall be paid over to the plaintiff in reduction of the arrearage. Should the defendant receive any monies in excess of $250.00 by gift or inheritance or other extraordinary circumstance (i.e. lottery winnings, contest winnings, commissions or bonuses) such amount of excess shall be applied in reduction of the arrearage.
The remaining issue is the issue of counsel fees upon the motion for contempt. There have been extended legal services necessitated in the computation of arrearage in this case, services far more necessary rather than an ordinary contempt proceeding. Such extended services are evidenced by the following:
 Memorandum of Law dated May 28, 1992 consisting of 7 pages and Statement of Arrearage consisting of 7 pages including the monthly computations from December 31, 1986 to May 28, 1992.
 Examination of Defendant's Brief in Support of Computation of Support CT Page 11786 Credit and Computation.
 Plaintiff's Recomputation of Arrears consisting of 8 pages.
Defendant's Recomputation of Arrears.
 Plaintiff's Reply to Defendant's Recomputation of Arrears.
 Examination of Defendant's Reply to Recomputation of Arrears.
 Plaintiff's Current Computation of Arrears of December 10, 1992.
 Plaintiff's court appearances on February 6, 1992, July 20 and December 10, 1992.
Plaintiff's counsel has submitted his statement for services. This includes an itemization of services totalling $11,897.50 and totalling 53.30 hours. Most of that time is billed at $225.00 per hour. Some of that time is for two partners of the firm at that hourly rate. In arriving at a determination on the issue of fees in this case, the court has considered the financial situation of each of the parties and the factors of 46b-82 of the General Statutes. The court awards $6,500.00 by way of counsel fees pursuant to the provisions of 46b-87 of the General Statutes and orders that such sum shall he paid by the defendant to the plaintiff. This shall be paid, however, by adding that amount to the arrearage making a total arrearage, therefore, of $25,685.00. This is an arrearage of alimony and child support and attorney's fees incurred and in the collection of the same and nondischargeable, therefore, in bankruptcy. Interest shall not accrue on this indebtedness so long as the arrearage is paid as set forth above. An immediate order for wage withholding shall issue pursuant to the provisions of 52-362 of the General Statutes.
EDGAR W. BASSICK, III, JUDGE CT Page 11787